

-FILED-

FEB 07 2022

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 2:22CR7 |
| ) | |
| KODY YEDNAK ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Jennifer Chang, Assistant United States Attorney, and the defendant, Kody Yednak, and Matthew Soliday, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Kody Yednak, can read, write and speak the English language.

2. I have received a copy of the Information filed simultaneously herewith and have read and discussed it with my lawyer and believe and feel that I understand every accusation made against me in this case. I have agreed, as set forth in a separate filing with the Court, to waive my right to indictment by a federal grand jury with respect to the charges of production of child pornography described in Counts 1 and 2 of the Information.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in each count of the

1

Information and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

   a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was

persuaded of my guilt beyond a reasonable doubt.

d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

g. In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

3

7.  Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

    a.  I will plead guilty to Counts 1 and 2 of the Information charging me with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), because I am in fact guilty of these offenses. I understand the maximum possible penalties that may be imposed upon me for the offense are listed below:

        | | Prison | Fine | Supervised Release |
        |---|---|---|---|
        | Count 1 | 15 to 30 years | $250,000 | 5 years to Life |
        | Count 2 | 15 to 30 years | $250,000 | 5 years to Life |

        I further understand that a special assessment of $100 will be imposed on each count of conviction in addition to any other penalty imposed and the $200 special assessment is due and payable prior to my sentencing hearing.

    b.  The following agreements in this paragraph are submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and are **not binding** upon the Court. I understand this means that if the Court refuses to follow the recommendations set forth in this paragraph, I will not be allowed to withdraw my guilty plea:

        i.  The United States Attorney and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a 2-level reduction in offense level. The United States Attorney and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional 1 level reduction in offense level.

However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

ii. The government and I have entered into the following additional agreements which affect the sentencing guideline calculations in my case. Our agreement is based upon the information presently available. I understand that if new information comes to light which bear upon these matters, the government is obligated to provide that information to the Court, and I agree not to argue that the government's compliance with this obligation constitutes a violation of this plea agreement. All references to specific U.S. Sentencing Guidelines refer to the November 1, 2018 Guidelines Manual.

A. The sentencing enhancement described in U.S.S.G. §2G2.1(b)(1)(A) applies to Counts 1 and 2 because my offenses involved a minor who was less than 12 years old at the time of the offense.

B. The sentencing enhancement described in U.S.S.G. § 2G2.1(b)(3) applies to Count 1 because I knowingly distributed child pornography.

C. The sentencing enhancement described in U.S.S.G. § 2G2.1(b)(6)(B)(ii) applies to Counts 1 and 2 because my offenses involved the use of a computer to solicit participation with a minor in sexually explicit conduct.

D. The sentencing enhancement described in U.S.S.G.

     § 4B1.5(b) applies because I engaged in a pattern of activity involving prohibited sexual conduct.

  iii. At the time of sentencing, the government shall recommend that I be sentenced to a term of imprisonment of no more than 20 years.

c. I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense(s) as well as the full extent of my criminal history.

d. I agree to pay restitution to victims of my offense conduct as follows:

  i. I agree to pay restitution to the victims of the Information in an amount to be determined by the Court.

  ii. As a result of this plea agreement, I have not been charged separately with receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4) with respect to images and videos of child pornography I downloaded or received via the Internet and stored on my cell phones and laptop as well as online accounts. However, I agree to pay restitution in the amount of $3,000 per victim to any victim of this uncharged conduct who may be identified and requests restitution prior to sentencing and establishes a proximate cause between the damages alleged and my conduct.

f. I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine. If deemed necessary

      by the U.S. Attorney's Office, I agree to submit, prior to sentencing, to an examination under oath on the issue of my ability to pay restitution.

g.   I agree to forfeit to the United States the following property:

- one (1) Apple iPhone XR (blue), Model A1984 and IMEI 357335094997581.
- one (1) Apple iPad (silver), Model A2197 and SN F9GCRMMVMF3M.

      I acknowledge that all property covered by this agreement is subject to forfeiture as property that was used and intended to be used to commit and to promote the commission of the offense charged in Count 1 of the Indictment. I further consent to the entry of orders of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2.

h.   I understand that by pleading guilty, I will be required to register as a sex offender upon my release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). I also understand that independent of supervised release, I will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout my life. I understand that I will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

i.   I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code,

7

Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe I am guilty of Counts 1 and 2 of the Information. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts:

   a. On or about January 1, 2021, I caused the 11-year old male identified in the Information as John Doe 1 to engage in sexually explicit conduct for the purpose of producing videos of such conduct. Specifically, I caused John Doe 1 to take sexually explicit videos of himself engaging in sexual conduct and to send those videos to me over the internet.

   b. On or about March 3, 2021, I caused the 10-year old male identified in the Information as John Doe 2 to engage in sexually explicit conduct for the purpose of producing videos of such conduct. Specifically, I caused John Doe 2 to take sexually explicit videos of himself engaging in sexual conduct and to send those videos to me over the internet.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States Attorney may at its option either (a) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding

promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (b) the United States Attorney could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

/s/ Kody Yednak
Kody Yednak
Defendant

/s/ Matthew Soliday
Matthew Soliday
Attorney for Defendant

APPROVED:

    CLIFFORD D. JOHNSON
    United States Attorney

By:   /s/ Jennifer Chang
    Jennifer Chang
    Assistant U. S. Attorney